IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY,

        Plaintiff,

v.

ANDREW JAMES UHLMANN, ET AL.

        Defendants.

16cv1404
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Before the Court are two Motions to Dismiss, one filed by Defendant, James Uhlmann, (doc. no. 18), the other filed by Defendants, Lucille Anderson, and Susan and Jennifer Ianni. Doc. no. 20. Both Motions were filed in accordance with Federal Rule of Civil Procedure 12(b)(1). Plaintiff, Allstate Property & Casualty Insurance Company ("Allstate"), has filed a Response in Opposition to both Motions, making these matters ripe for adjudication. Doc no. 24.

**I. Standard of Review**

A Motion to Dismiss filed in accordance with Fed. R. Civ. P. 12(b)(1) challenges this Court's "very power to hear the case." *See Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (Lancaster, J.) (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). As the party asserting jurisdiction, Plaintiff "bears the burden of showing that its claims are properly before the district court." *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995). In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1), this Court must distinguish between facial attacks and factual attacks. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

A facial attack challenges the sufficiency of the pleadings, and the Court must accept the Plaintiff's allegations as true. *Id.* A Defendant who attacks a complaint on its face "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F. Supp. 2d 448, 451 (W.D. Pa. 2001). Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or. . . is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

When, as in this case, a Defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a factual attack, this Court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

**II. Factual Background**

In its Complaint, Allstate alleges federal diversity jurisdiction noting that it and Defendants have complete diversity and that the amount in controversy exceeds $75,000.00. Doc. no. 1. The declaration Allstate seeks, is for this Court to declare that it does not have a duty to continue to defend nor a duty to indemnify Defendant Uhlmann in a civil lawsuit pending in a Pennsylvania state court. *See Anderson, et al. v. Excela Health, et al.,* case no. 1317 of 2016 filed in the Court of Common Pleas of Westmoreland County.

Allstate issued a renters' insurance policy to Uhlmann, who, at the time of the incident in question in the underlying lawsuit, was a patient in the behavioral health unit at Westmoreland Hospital. On the day in question, Ulhmann allegedly assaulted another behavioral health unit patient (Anderson) as well as her granddaughter, Jennifer Ianni. The assaults were witnessed by Anderson's daughter, Susan Ianni. Excela Health allegedly owns/operates Westmoreland Hospital.

In the underlying lawsuit, the plaintiffs (Anderson and the Iannis) argue that the hospital and its owner/operator (Excela) are liable for the injuries the three of them allegedly sustained. In addition, the three plaintiffs in the underlying lawsuit also claim that Uhlmann was "negligent or careless" when he assaulted Anderson and her granddaughter rendering him liable to all three plaintiffs. Allstate agreed to defend Ulhmann in the underlying lawsuit, but now seeks the aforementioned declaration absolving it of the duty to defend and/or indemnify Uhlmann.

### III. Analysis

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, (1995) citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942). "Distinct features of the Declaratory Judgment Act . . . justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the "exceptional circumstances" test of *Colorado River* and *Moses H. Cone*. *Wilton,* at 286. The Supreme Court further explained:

> By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a

3

> close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Id.* at 288. In a foot note, the Court further added:

> We note that where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy. *See, e.g.,* P. Bator, D. Meltzer, P. Mishkin, & D. Shapiro, Hart and Wechsler's The Federal Courts and the Federal System 1451, n. 9 (3d ed. 1988).

*Id.*, n. 2.

Following the Supreme Court's rationale, the United States Court of Appeals for the Third Circuit has held that "federal courts should hesitate to entertain a declaratory judgment action where the action is restricted to issues of state law." *Atlantic Mutual Ins. Co. v. Gula*, 84 Fed. Appx. 173, 174 (3d Cir., Dec.17, 2003) (citing *State Auto Ins. Co. v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000), 234 F.3d at 134-35). In *Summy*, the Court of Appeals for the Third Circuit explained that District Courts do "not have open-ended discretion to decline jurisdiction over a declaratory judgment action when the issues include[ ] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceedings." *Summy*, 234 F.3d at 134.

Turning to the instant matter, the Court begins by noting that the insurance policy at issue is a renter's insurance policy issued by Plaintiff, Allstate, to Defendant, Uhlmann, which provides "family liability protection" up to $100,000.00 per occurrence. The policy defines an "occurrence" as "an accident" and further indicates:

> Each person who sustains bodily injury is entitled to this protection when that person is:

1. on the insured premises with the permission of an insured person; or

2. off the insured premises, if the bodily injury:

    a) arises out of a condition on the insured premises or immediately adjoining ways;

    b) is caused by the activities of an insured person or a residence employee;

    c) is caused by an animal owned by, or in the care of, an insured person; or

    d) is sustained by a residence employee.

\*　　\*　　\*

Losses We Do Not Cover Under Coverage X:

1. We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:

    a) such insured person lacks the mental capacity to govern his or her own conduct;

    b) such bodily injury or property damage is of a different kind or degree than intended or reasonably expected; or

    c) such bodily injury or property damage is sustained by a different person than intended or reasonably expected.

This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of a crime.

Doc. no. 1-2, p. 6, 19, 39.

Allstate filed the instant declaratory judgment action, and in its Complaint alleged that no coverage or further defense to Defendant Uhlmann is due because the alleged injuries inflicted upon Defendants Anderson and the two Ianni Defendants were intentionally, not negligently, inflicted. Allstate posits that no "occurrence" took place as the policy defines that term, and thus, it is not obligated to provide coverage or any further defense. Allstate's Complaint also alleges that because the alleged injuries inflicted upon Defendants Anderson and the two Ianni Defendants were intentionally inflicted, any bodily injury sustained by these three women is a loss Allstate does not cover. Finally, Allstate's Complaint alleges that no bodily injuries were sustained by any of the Defendants.

As noted above, the underlying case filed by Defendant Anderson and the two Ianni Defendants against Westmoreland Hospital, Excela Health, and Ulhmann is currently pending in the Court of Common Pleas of Westmoreland County, Pennsylvania. None of the issues raised in the underlying lawsuit nor any of the claims set forth in Allstate's declaratory judgment Complaint filed with this Court concern federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceedings.

Moreover, all of Allstate's arguments as to why coverage should be denied and why it should no longer have to defend Ulhmann, are predicated on facts which are currently being litigated in the underlying state court action, filed in Westmoreland County. The fact-finder in the underlying lawsuit will determine whether Defendant Anderson and the two Ianni Defendants sustained damages and if so, the fact-finder will also determine where liability resides, *i.e.* with Defendant Ulhmann and/or Westmoreland Hospital and/or Excela Health.

For these reasons, this action will be stayed pending the outcome of the underlying civil lawsuit, *Anderson, et al. v. Excela Health, et al.*, case no. 1317 of 2016 filed in the Court of Common Pleas of Westmoreland County, Pennsylvania.

### ORDER OF COURT

AND NOW this 23rd day of November, 2016, the Court hereby **STAYS** this proceeding pending the conclusion of the underlying lawsuit, *Anderson, et al. v. Excela Health, et al.*, case no. 1317 of 2016 filed in the Court of Common Pleas of Westmoreland County, Pennsylvania. The Court directs the Clerk to **ADMINISTRATIVELY CLOSE** this matter. Upon conclusion or settlement of the underlying lawsuit, the Parties may petition this Court to lift the Stay and Reopen this case, should one or more of the Parties so desire.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties